Labauve, J.
In April, 1867, an election was held for directors of said company. The State, owning 64,000 shares of the capital-stock of the company, cast 64,000 votes through the Governor; and the City, owning 80,000 shares, gave 80,000 votes to A. D. Grieff, Robert Watson and sixteen others, the Mayor voting for the City.
The persons voted for by the State and the City, had a majority of votes, but the commissioners of election rejected those votes, and declared the persons voted for by the individual stockholders, and who had a minority of votes, duly elected, and they entered upon the discharge of their duties and elected their president.
The State now prays that a writ of quo warranto may issue, directed to the persons so declared to be duly elected and in office, to-wít: Beaúré-' gard, Blanc, Clark, Eellowes, Gordon, Henderson, Leeds, Ogden, Warren, Swartz, Williamson, Smith, Eorstall, Chalson, Hatch, Carruthers, Brown, Montgomery and Green, requiring them, and each of them, to show by what authority they claim or hold the office of directors of said *494 company, and requiring G. T. Beauregard, above named, to answer by wliat authority he holds the office of president of said company, etc.
, The defendants filed several exceptions, which were overruled by the Court below; but they have called our attention in their brief to one alone. It is, that the State has no right to contest this election, and that the jurisprudence of Louisiana seems to have settled that the persons defeated at the election, must be the contesting parties to the suit. We cannot assent to such a doctrine. These directors are mere agents of the stockholders and of the company, and the State has an undoubted right to see that no one should hold office who is not duly elected. The Court properly overruled the exception.
■The answer on the merits, is, in substance, that the defendants were duly elected by the stockholders, and that the State and the City had no right to vote, and that their votes were'properly disregarded as having produced no legal efiec*; and further, that the persons voted for by them were not stockholders, and could not be elected. Act of 22d April, 1853, p. 109, No. 148, H 5, etc.
The first capital of the company was $3,000,000, which was subsequently increased to $8,000,000, divided into shares of $25 each. The State subscribed for 64,000 shares or $1,600,000. The City of New Orleans for 80,000 shares or $2,000,000.
"By section 5 of said act, it is provided that “ at ail elections by stockholders, and at all their meetings, each share shall be entitled to one voté."”'
It appears, under the law, and in the evidence, and by admissions in counsel’s briefs, that the State and the City, had, and have now, each of them, three directors of their own, respectively appointed by the Governor and City Council. Hence, it is contended by the defendants that they had no right to vote as stockholders at this election, when they are represented in the directory by their own directors. Act of April 28th, 1853, p. 195, No. 231, § 8. Act of 15th March, 1854, p. 72, No. 109, | 7. It is under the first section of this act that the City subscribed to 80,000 shares. >
Now, although the State and the City have the absolute right to appoint each three directors, it must be conceded that they are stockholders, and we 3ee no reason why they should not have the same-privileges and rights as other stockholders have. We cannot make a distinction. The law is clear and free from ambiguity. Ubi lex non dislinguit, nee nos distinguere débemuS. C. C., Art. 13.
We are of opinion that the State and the City had the right to vote, and that the act of the Legislature, approved 15th March, 1860, only provides how the State and City should vote, and it was not necessary that this act should have been accepted by the stockholders; it is not a contract, nor an amendment to the charter of the company. If the State and the City had the right to exercise the franchises and privileges of stockholders in voting, the Legislature could say how, and by whom, their votes should be cast.
It is proved and admitted, that the set of directors voted for by the State and the City, had a majority or plurality of votes over the set voted for by the individual stockholders, and whom have been declared and *495 returned as duly elected, on the ground .that those so voted for by the' State and the City were not stockholders.
We are of opinion that the votes of the State and of the City, being legal, defeated the election of the defendants, although they had no' affirmative effect.
It is the majority or plurality of legal votes cast for a party that elect's him, and not the iucompetency of his opponent, who has obtained a greater number of legal votes. Had the majority or plurality of votek been the result of illegal votes, the case would have been very different.'
We conclude that the defendants, not having obtained a majority or’ plurality of votes, were not elected. ' .
It is therefore adjudged and decreed, that the judgment appealed from be reversed, and that the election under which the defendants' hold the office of directors, be annulled and avoided, and that the stockholders proceed to a new election of directors, if one has not yet taken place according to law, and that the defendants pay costs, in solido, iñ both courts. ’